FILED
8/17/2026 11:01 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

**Cause No.** CC-26-06637-D

| | | |
|---|---|---|
| DOE, JOHNNY<br><br>Plaintiff | § | **In The George Allen County Court** |
| v. | § | **At Law No. ______** |
| ("DART") LGC, SERVICE MOBILITY TRANSIT RAPID AREA DALLAS,; #9117 OFFICER ENFORCEMENT FARE; SWAN, JARRET; ENFORCEMENT FARE, DART, et. al.<br>Defendants | § | **Dallas County, Dallas, Texas** |

## I. PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff, JOHNNY DOE, respectfully declaring confidentiality and anonymity of the living man filing this matter, due to fear of future threats of violence, police brutality, retaliation, or targeting from the named and/or unnamed Defendants giving rise to the facts and merits of this case.

Mr. Doe, respectfully files this Original Petition articulating misconduct of the Defendants to include direct violations of the injured party's Fourth, Fifth, Sixth, and Fourteenth Amendment rights of the Constitution of the United States, direct violations of due process and civil rights, violations of Universal Declaration of Human Rights, and Texas Deceptive Trade Practices Act. This suit includes and is not limited to violations of DART's internal Nondiscrimination, Fare Enforcement Division, Standard of Conduct, and Code of Conduct policies, false advertisement, fraud, gross negligence, discrimination against a person of a protected class, breach of duty of care, retaliation against a person of a protected class, and respectfully shows the Court these Defendants in part or as a whole do not qualify for government immunity, qualified immunity, official capacity immunity, local government immunity, sovereign immunity, or federal protections as follows:

## II. COURT'S INTERVENTION & DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under **Level 3 of Rule 190** of the Texas Rules of Civil Procedure, Texas Rules of Evidence, and Federal Rules of Evidence, moving the Court to **Order strict discovery guidelines against the Defendants for the immediate, unrestricted, unredacted, and accessible release** of original **PDF ONLY formatted** documents in response to the Plaintiff's Preservation Letter or initial open records request for data directly encompassing the unlawful issuance of the fare evasion citation addressed herein. The Court is further moved to Order the release of unrestricted, accessible, and original Mp4 acceptable formatting for videos related to the events giving rise to this suit, within fourteen days of the ruling and this filing, whichever comes first.

The **Plaintiff *Motion for the* Court to Sanction the *Defendants' and Order Defendant's Initial Disclosures, Defendant's Production, Defendants' Interrogatory Responses, Defendant's Virtual Dispositions, And Ultimate Compliance with the Texas Civil Rules of Procedure, Texas Rule of Evidence, and Federal Rules of Civil Procedure*** for the incident(s) described herein by releasing the issuance of the original citation, original incident reports for the incident, original witness reports, original investigative reports, original and full internal electronic communications between DART, its agents, departments, contractors, police, or fare enforcement officers concerning the incident between Jarret Swan and the Plaintiff, original external electronic communications with the injured party or his Authorized Representative, accessible/unrestricted/unmodified dash camera footage, original unrestricted and unredacted dispatch reports, original unmodified security footage, original train footage, original unrestricted/unmodified St. Paul transit station platform footage, original and unaltered body camera footage, and other **responsive, discoverable, and relevant evidentiary data** for the citation issuance stemming from fruit of the poisonous tree.

## III. CLAIM FOR RELIEF

Plaintiff seek monetary and non-monetary relief, including but not limited to injunctive relief, declaratory relief, ultra vires relief, equitable relief, special relief, compensatory relief, punitive damages, and prospective remedies at law or in equity, more than $250,000 and less than $1,000,000 to which Plaintiff is justly entitled:

### 3.1 Government Immunity[1], Qualified Immunity, State of Texas Immunity, & Local Immunity Does Not Bar All Claims Asserted Herein

Plaintiff further seeks relief not barred by governmental immunity, due to the Defendants' violations of the law including whether negligent, intentional, or otherwise:

[1] *See* **Dallas Area Rapid Transit v. Mary Ann Cameron, No. 05-21-01104-CV (Tex. App.—Dallas Aug. 2, 2022)**

• Federal constitutional claims;
• Claims under 42 U.S.C. §1983;
• Declaratory relief;
• Injunctive relief;
• Ultra vires relief;
• Preservation orders;
• Production orders;
• Liens and entitled relief against official or individual actors acting outside lawful authority.

Plaintiffs certify and declare, that Fare Enforcement Officer Jarret Swan #9117 acted beyond authority extended to fare enforcement officers under the color of law, in violation of Texas Transportation Codes §452.0611-§452.0612, 42 U.S.C. §1983, and DART infringed on the private Plaintiff's protected rights during and after the incident.

To the extent immunity[2] defenses are asserted, Plaintiff contends pleading the alternative that the complained-of actions constituted misrepresentation of the law, misconduct, ultra vires conduct, conduct beyond lawful authority of the fare enforcement officer, unfair and inequitable treatment violating protected rights, and unequal enforcement of the law against a person of a protected class under the color of the law.

**3.2 INJUNCTIVE RELIEF, REQUEST FOR TEMPORARY, & PERMANENT RESTRAINING ORDERS**

Plaintiff seeks relief injunctive relief and all other relief he's so justly entitled:

A. Temporary Restraining Order;
B. Temporary Injunction;
C. Permanent Injunction;
D. Declaratory Relief;
E. Actual Damages;
F. Economic Damages;
G. Constitutional Damages;
H. Nominal Damages;
I. Mental Anguish Damages where permitted by law;
J. Prejudgment Interest;
K. Post-Judgment Interest;
L. Costs of Court;
M. Appropriate authorized representative fees where authorized by law;

---

[2] In **Dallas Area Rapid Transit v. Morris**, the Dallas Court of Appeals held that DART is a **common carrier** and that the heightened Texas common-carrier standard of care applies to DART. The court rejected DART's argument that its governmental status prevented common-carrier treatment.

N. Adverse Spoliation Findings;
O. Production and Preservation Orders;
P. Liens against badges and firearm(s) of DART FEO Jarret Swan #9117, DART Police Officer T. Jones #635, and other law enforcement officials that were accessories to these crimes of the defendants;
Q. Sequestration of DART insurance policies, DART assets, DART bank accounts, DART agents individual insurance policies of current and future defendants;

**3.3 Prejudgement Relief**

Plaintiffs request immediate orders requiring Defendants to:

1. Preserve all evidence relating to the original issued citation;
2. Preserve all communications with or concerning alleged fare evader or Plaintiff;
3. Preserve all communications relating to Fare Evasion Citation No: F000XXX713
4. Preserve all communications concerning DART Claim No: RXX398
5. Preserve all body-camera footage and recordings;
6. Preserve all surveillance recordings;
7. Preserve dispatch notes, reports, and
8. and CAD records;
9. Preserve incident reports concerning Fare Evasion Citation No.: F000XXX713
10. Preserve all special, witness, and sworn affidavit reports related to Plaintiff;
11. Preserve court records and communications with the court about this incident;
12. Preserve public-records communications associated with Fare Evasion Citation No.: F000XXX713;
13. Refrain from destroying, revising, concealing, suppressing, or deleting evidence;
14. Order requiring DART and other defendants to cease harassment through delivery of RFP solicitations to Mr. Doe or its Authorized Representative’s email;

Absent this relief, Plaintiffs will continue to suffer irreparable harm because evidence will be permanently lost, spoliated, revised, retracted, or intentionally destroyed to prevent the recovery of relief.

## IV. PARTIES & SERVICE[3]

**4.1 Plaintiff**

1) **Plaintiff**: Johnny Doe, is an injured party, executor, living man, of a protected class exercising confidentiality and anonymity of his true identity until jury trial without a waiver of rights, privileges, or protections afforded by the Constitution of the United States, Texas Constitution, Texas Business & Commerce Codes,

[3] *See* **Page 20**, EXHIBIT D

Texas Rules of Civil Procedure, Federal Rules of Evidence, federal law, common law, statutory law, Government Codes, or the color of law to be served via email to his Authorized Representative.

2) The Plaintiff is a medically disabled, Black color/skin, Indigenous descendant of Native Americans, residing in Texas and may be served by and through the Authorized Representative responsible for delivering or filing pre- and post-litigation data to the Court and these defendants.
3) **The Plaintiff reserves all rights without waiver, prejudice, limitation, or estoppel to amend this Original Petition as permitted by law to maintain ultimate civil and legal filing compliance, to rectify filing or procedural deficiencies or irregularities, to identify and name additional defendants, or to include facts and merits identified through the discovery period.**

**4.2 Defendants**

4) **Defendant #1**: **DALLAS AREA RAPID TRANSIT MOBILITY SERVICE, LGC. ("DART")** is registered with Texas Secretary of State ("SOS") with File Number: 801567341, operates as a commercial and government entity organized under the United States Constitution, Texas Constitution, Texas law, Texas Business law, Government Codes, Uniform Commercial Codes, common law, federal law, and statutory law. This defendant may be served through its Registered Agent in the SOS system, **Gary C. Thomas, located at 1401 Pacific Avenue, Dallas, Texas, 75202**. *See* **Page 20-22**, EXHIBITS D, E, F
5) ***Defendant #2***: **DART Fare Enforcement Officer, Jarret Swan #9117**. This defendant can be served through DART Police Department Registered Agent, **LARRY BLUNT** of **DART POLICE OFFICER ASSOCIATION, at 1850 Avonlea Drive, Rockwall, Texas, 75087 and Gary C. Thomas, located at 1401 Pacific Avenue, Dallas, Texas, 75202**. *See See* **Pages 20-22**, **25** EXHIBITS D, E, F, I
6) All defendants are sued to the fullest extent permitted by federal law, in their individual and official capacities as partners, representatives, employees, agents, consultants, independent contractors, or separate entities of **DART**, for the outrageous, negligent, retaliatory, and willing misconduct or participation in violations of constitutional or under *42 U.S.C. §1983* law described herein.
7) **Defendant #3**: ***DART POLICE DEPARTMENT****,* located at 2111 S. Corinth Street Road, Dallas, Texas 75203, is a separate entity, extension, or partner of DART. This entity may be served through DART's Registered Agent on file with the Secretary Of State, **Larry Blunt** of **DART POLICE OFFICER ASSOCIATION, at 1850 Avonlea Drive, Rockwall, Texas, 75087 and Gary C. Thomas, located at 1401 Pacific Avenue, Dallas, Texas, 75202**. *See* **Page 20-22**, 24, EXHIBITS D, E, F***,*** *H*
8) **Defendant #4: DART**, ***DART POLICE, the State of Texas and DART FARE ENFORCEMENT DEPARTMENT are governing employers of Jarret Swan***

***#9117 and T. Jones #635 for the date and time of the incident giving rise to this suit***. These entities may be served through the Registered Agents on file with the Secretary Of State, **LARRY BLUNT** of **DART POLICE OFFICER ASSOCIATION, at 1850 Avonlea Drive, Rockwall, Texas, 75087 and Gary C. Thomas, located at 1401 Pacific Avenue, Dallas, Texas, 75202**. *See* **Page 20-22**, **24**, EXHIBITS D, E, F***, H***

9) **Defendant #5: *DART OPEN RECORDS DEPARTMENT***. This defendant can be served through DART's Registered Agent in the Secretary Of State system, **Gary C. Thomas, located at 1401 Pacific Avenue, Dallas, Texas, USA 75202**. *See* **Page 21-22**, *EXHIBIT E-F*

10) **Defendant #6: *DART RISK MANAGEMENT DEPARTMENT***. This entity or defendant may be served through DART's Registered Agent on file with the Secretary Of State, **Gary C. Thomas, located at 1401 Pacific Avenue, Dallas, Texas, 75202** and DART's General Counsel at the same address. *See* ***Page 21-22***, *EXHIBIT E-F*

11) **Defendant #7: NITA MALONE**, DART 's Senior *Risk Management Officer ("RMO") is* sued in her official and individual capacity. This defendant may be served through DART's Registered Agent on file with the Secretary Of State, **Gary C. Thomas, located at 1401 Pacific Avenue, Dallas, Texas, 75202 and DART's General Counsel**. *See* ***Page 21-22***, EXHIBIT E-F

12) **Defendant #8: DART Police Officer T. Jones Badge #635**, is sued in his individual and official capacity for actions or statements contributing to this suit. This defendant can be served through DART's Registered Agent **LARRY BLUNT** of **DART POLICE OFFICER ASSOCIATION, at 1850 Avonlea Drive, Rockwall, Texas, 75087 and Gary C. Thomas, located at 1401 Pacific Avenue, Dallas, Texas, 75202**. *See* ***Page 21-22***, EXHIBIT E-F

13) **Defendant #9: Christie Carlson**, DART Senior Assistant General Counsel can be served through DART's Registered Agent **Gary C. Thomas at 1401 Pacific Avenue, Dallas, Texas, USA 75202 and DART General Counsel.** ***See*** Page 31, EXHIBIT J

## V. JURY DEMAND

Plaintiffs respectfully demand a **public jury trial** with minority, disabled, registered voters, and low-income juror peers, to preserve the integrity of the Court and to insure ultimate justice in this matter.

## VI. JURISDICTION & VENUE

This Court has jurisdiction because the amount in controversy exceeds the minimum jurisdictional limit requirement of this administrative Court and within the limits of the State of Texas.

Venue is proper in Dallas County, George Allen Court At Law because all or a substantial part of the incident giving rise to the merits of this suit occurred in Downtown Dallas, Dallas County, Texas at or near the DART St. Paul Transit Station.

Jurisdiction is further invoked pursuant to:

- 42 U.S.C. §1983;
- 42 U.S.C. §1988;
- Universal Declaration of Human Rights,
- Bill of Rights
- Texas Civil Practice and Remedies Code Chapter 37;
- Texas Government Code;
- Texas Constitution, Article I, §9;
- United States Constitution Fourth, Fifth, Sixth, and Fourteenth Amendments;
- Texas Transportation Code §§452.0611–452.0612;
- Texas nondiscrimination and common laws;
- Individual capacity liability;
- Texas Tort Claims Act void of limited waiver;
- Uniform Commerce Code 1-308;

## VII. FACTUAL BACKGROUND

### 7.1 Issuance of Fare Evasion Citation

1. **DART's longstanding Code establish discretionary enforcement mechanisms, including warning and removal, for alleged fare violations or violations of DART's Code of Conduct.**
2. **DART owed the Plaintiff a duty of care as a common carrier/passenger transportation provider.**
3. **Texas Transportation Code §452.052 expressly provides that a regional transportation authority is a public political entity and corporate body, exercising public and essential governmental functions, and a government entity under the Texas Tort Claims Act.**
4. **DART, Fare Enforcement Officer Swan, and DART Police Officers violated DART Fare Enforcement Division Policy 400.4.3.** *See* **Page 31, EXHIBIT O**
5. DART's governmental enforcement personnel are bound to exercise delegated governmental authority lawfully, consistently, and without unconstitutional discrimination. The government body is required to exercise that authority within statutory limits and constitutional constraints and could not intentionally administer its discretion in an arbitrary or discriminatory manner.
6. **On or about January 03, 2026:** DART, Jarret Swan #9117[4], violated the Plaintiff's rights under 42 U.S.C. §1983 and 42 U.S.C. §1988 acting under the

[4] Individual capacity

color of the law by demanding him to exit the train, detaining him despite cooperation, acting outside of the statutory authority given to law enforcement officers with threats of arrest for ‘failure to identify’, coerced and intimidated seizure of ‘state issued identification’.

7. DART Fare Enforcement #9117, Jarret Swan, in his individual and official capacity breached DART’s duty of care, violated DART’s Nondiscrimination policy[5], DART Fare Enforcement Division Procedural Manual, DART Code of Conduct, DART Standard of Conduct, and subjected Mr. Doe to discrimination based on race, color, nationality, and age to inherently deprive the Plaintiff of rights secured by the Constitution.
8. DART Fare Enforcement Officer #9117, Jarret Swan, exercised government authority beyond statutory limits given to fare enforcement officers under the color of federal or state law or by Texas Transportation Code §§ 452.0611 -- 452.0612.
9. DART has a history of arbitrary, discriminatory, and systemic enforcement of the law against minority, disabled, and private passengers of color.
10. Upon exiting the DART train, the injured party identified as a name used in commerce, sufficiently donning representation of the disclosed identity, but Swan refused to accept the name used in commerce, detained the private Plaintiff, and demanded seizure of ‘state issued identification’ and threatening arrest[6].
11. *Section 452.0612* does **not, in the language of §452.0612 itself, say that a fare-enforcement officer(s) may arrest a passenger.**
12. Mr. Doe was targeted for citation issuance based on race, color, nationality, and age (youthful appearance) by an elderly Jarret Swan #9117, to meet a quota.
13. **Jarret Swan’s issuance of DART Fare Evasion Citation No. F000XXX713 to Mr. Doe** outlines an individual and official act with the Defendants collective refusal and malicious unequal enforcement of DART policies[7], and unequal enforcement of state law with arbitrary, discriminatory, and systemic bias.
14. The DART Police Officers breached their oath to uphold the constitution, violated DART’s Standard of Conduct, Code of Conduct, and Fare Enforcement Division Procedure Manual with arbitrary, discriminatory, and systemic citation issuance while infringing on Plaintiff’s protected rights emphasizing Swan’s fare check.

**7.2 Depriving Plaintiff of Due Process**

15. **On or about June 17-18, 2026: DART Senior Assistant General, Counsel Christie Carlson**, made an appearance in this matter by infringing on the

[5] *See* Page 17, Exhibit A

[6] Swan threatened arrest for failure to identify for the Plaintiff’s refusal to show identification.

[7] DART's current Code of Conduct specifically identifies riding without evidence that the proper fare has been paid as a prohibited act. But it also says that a person violating the regulations **may be warned and/or ordered to leave** by a DART Police Officer, Fare Enforcement Officer, or Bus/LRV Line Supervisor.

Plaintiff's rights to due process, right to Public Information Act, and right to Freedom to Information Act, violated Texas Deceptive Trade Practice Act, and his rights to due process by suppressing and withholding discoverable, responsive, or relevant evidence. *See* **Pages 18 and 26, EXHIBITS B and J**

**7.3 Notice of Impending Lawsuit**

16. **On or about May 18, 2026**: By and through the Plaintiff's Authorized Representative, the private living man, delivered a certified 'Preservation Letter' via United States Postal Service to **DALLAS AREA RAPID TRANSIT MOBILITY SERVICES, LGC** at *1401 Pacific Avenue, Dallas, Texas 75202*, placing the defendants on notice of impending litigation and requirement for preservation of all evidence associated with the unlawful issuance of the fare evasion citation. *See* **Pages 18** and **24**, **EXHIBIT B and EXHIBIT G**
17. **On, or before May 27, 2026: DART began spoliating and revising policies.**[8]
18. **On May 29, 2026:** DART and DART General Counsel, by and through Ashley Ramos, acknowledged receipt of the certified mail and preservation letter delivered by the Plaintiff's Authorized Representative. *See* **Page 24, EXHIBIT G**
19. **On May 29, 2026: DART RISK MANAGEMENT DEPARTMENT and NITA MALONE, Senior Claims Adjuster** was placed on notice of impending litigation by and through 'carbon copy' in the electronic mail response from DART and iAshely Ramos, DART General Counsel acknowledgement of the injured party's Authorized Representative's Preservation Letter. *See* **Page 24**, **EXHIBIT G**
20. The Supreme Court holds that a governmental transit authority can be a **common carrier** and therefore owes passengers a **high degree of care**, notwithstanding its governmental status. The Court described that duty as requiring the carrier to act as a **very cautious, competent, and prudent person would act under the same or similar circumstances**.
21. A governmental defendant's immunity challenge cannot simply be accepted at face value when the pleadings and evidence establish facts potentially bringing the claim within a statutory waiver. *See* **Rattray v. City of Brownsville, 662 S.W.3d 860 (Tex. 2023)**

**7.4 OPEN RECORD REQUEST**

22. **On June 3, 2026:** DART through unlawful and prohibited acts engaged in retaliatory and further deceptive trade practices by answering ***'No'*** in the Open Record portal to the question "*Are you requesting body camera footage…*" during DART's creation of Mr. Doe's Open Record Account, which misrepresented the injured party and complainant's requests showing intent to suppress evidence, outrageous actions, and gross negligence. *See* **Page 29-30**, **EXHIBITS M-N**

[8] *See* Page 18, **EXHIBIT B (06/17/2026: Fare_Evasion_Division.pdf) and** Fare Enforcement Division Procedure Manual **EXHIBIT B2**

23. **On June 3, 2026:** DART, DART GENERAL COUNSEL, DART RISK MANAGEMENT, and DART OPEN RECORD DEPARTMENT made a contract to deliver the requested evidence within 'at most' 10 days from the date of the open record request. *See* **Page 18, 29-30**, **EXHIBITS B, M-N**
24. **Between June 3, 2026 and June 17, 2026:** DART, DART RISK MANAGEMENT, DART OPEN RECORDS DEPARTMENT, and DART GENERAL COUNSEL breached DART's duty of care with the creation of undue hardship, unnecessary delay, evidence suppression, infringement on protected rights, and an ultimate failure to produce evidentiary data within a reasonable time under the color of the law. *See* **Pages 18, 29-30**, **EXHIBITS B, AND M-N**
25. **On June 5, 2026:** DART, DART RISK MANAGEMENT DEPARTMENT, and NITA MALONE left a voicemail on the injured party's Authorized Representative's phone identifying Ms. Malone as the person calling.
26. **DART, DART OPEN RECORDS, DART GENERAL COUNSEL, and other defendants violated Rule 408 of the Federal Rules of Evidence and Rule 408 of the Texas Rules of Evidence by failing to produce, disclose, recover, release, or identify discoverable and responsive evidence.** *See* **Page 29-30**, **EXHIBITS M-N**
27. **On July 14, 2026:** Dallas County Assistant District Attorney, dismissed Fare Evasion Citation No. F000XXX713 and the associated *Cause No.: JPR-20-033XX-XX*, which further substantiates the Plaintiff's injuries, claims, damages, merits, and totality of facts stated herein.
28. DART FEO Jarret Swan #9117, DART Police Officer T. Jones #635, other DART agents, employees, representatives, and/or alleged independent contractors relied on violations of protected Constitutional rights, the Texas Deceptive Trade Practice Act, common law, statutory, and waived[9] government immunity based on malicious actions during and after the unlawful issuance of Fare Evasion Citation No. F000XXX713.

## VIII. CAUSE OF ACTION FOR 42 U.S.C. §1983

1. As a common carrier, DART owes passengers a heightened duty of care.
2. When DART personnel exercise governmental authority, they cannot intentionally or maliciously administer that authority that violates constitutional protections.
3. Racial profiling is defined as "a law enforcement-initiated action based on an individual's race, ethnicity, or national origin rather than on the individual's behavior or on information identifying the individual as having engaged in criminal activity." *Pruneda v. State, 104 S.W.3d 302 (Tex. App. 2003)*

[9] Dallas Area Rapid Transit v. Amalgamated Transit Union Local No. 1338, 273 S.W.3d 659 (Tex. 2008).

4. The Bill of Rights expressly protects against **unreasonable searches and seizures of property[10] by law enforcement or government actors, in any capacity**. Swan unreasonably seized possession of the Plaintiff's 'state-issued' STRAW MAN identification card5.
5. **First Amendment**: DART Police Officer, T. Jones #635 threatened to arrest when exercising free speech and refusing to sign, then insinuating inflicting physical harm against Mr. [redacted], by stating, "Go to the Illinois Station then…", which was interpreted as "Go to the Illinois Station and watch what I will do or what will happen." Such retaliation or intimidation for the exercise of free speech violates the First Amendment.
6. DART possessed and publicly maintained a 'discretionary enforcement framework' for approximately 18 years before Plaintiff's January 3, 2026 encounter. The existence of that discretion required DART to administer it according to lawful, objective, and nondiscriminatory criteria. The question is not whether DART was required to warn Plaintiff; the question is whether Defendants exercised discretionary enforcement authority arbitrarily, discriminatorily, inconsistently, or outside the statutory authority governing the particular officer.
7. The **Fourth Amendment** holds that a person is seized under the Fourth Amendment when, considering the circumstances, a reasonable person would not feel free to leave.
8. The **Fourteenth Amendment** provides that no state shall deny a person equal protection of the laws.
9. DART, FEO #9117, T. Jones #635, and other physically present employees treated similarly situated commuters, riders, or fare evaders arbitrarily, discriminatorily, and systemically different than Mr. Doe.
10. **Fourteenth Amendment Equal Protection** prohibits differential treatment of Mr. Doe (Indigenous Black Native American) or private commuters for alleged fare evasion where Caucasian, Latino, or other nationalities were issued arbitrary warnings constituting a denial of equal protection or equal enforcement.

## IX. CAUSE OF ACTION FOR VIOLATIONS OF PROCEDURAL DUE PROCESS

1) DART's Code of Conduct identifies riding without evidence of proper fare as prohibited conduct, but §2.02 says that a person violating DART's regulations **may be warned and/or ordered to leave** by a DART Police Officer, Fare Enforcement Officer, or Bus/LRV Line Supervisor. Emphasizing, 'If' the person refuses to leave, DART Police or another appropriate law-enforcement agency may become involved.[11] Swan did not act as a reasonable person would.

---

[10] Swan's intimidation, coercion, and threats of arrest under 'failure to identify' seized the private Plaintiff's property and violated these rights.

[11] The fare enforcement officer failed to exercise reasonable discretion as a normal person would throughout this incident as the private commuter exited the train upon request. Swan violated DART's

2) **Fare Enforcement Officer Swan, Badge #9117** violated the Plaintiff's Fourth and Fourteenth Amendment rights by acting outside of the authority granted, direct intimidation, unlawful threats of arrest, misrepresentation of information for signatures, and coerced signatures under the Plaintiff's duress for an admission of guilt and to intentionally to deprive the Plaintiff of due process rights.
3) **DART, DART POLICE DEPARTMENT, T. Jones (Badge #635), DART OPEN RECORDS DEPARTMENT, DART GENERAL COUNSEL, DART RISK MANAGEMENT, NITA MALONE**, the collective government actors and defendants, may **accuse** someone of violating the law, but the government cannot simply treat that accusation as the final determination of guilt while denying the person the procedural protections necessary to contest it, which is one of the components of this suit.
4) The conduct complained of herein resulted in deprivation of liberty interests, deprivation of federal constitutional rights, procedural due process rights, access to governmental due processes, equal access to courts, and other protected interests such as rights under the Public Information Act.

## X. CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

1. The prohibited conduct of DART and Jarret Swan implicates internationally recognized human rights principles concerning liberty, equality, freedom from arbitrary detention, unlawful seizure, and access to an effective remedy, while the enforceable domestic protections arise principally from the United States Constitution, applicable federal statutes, and Texas law.

   Per the Universal Declaration of Human Rights the defendants violated:

   **Article 3:** life, liberty and security of person;
   **Article 7:** equality before the law and protection against discrimination;
   **Article 8:** effective remedy before competent national tribunals;
   **Article 9:** protection against arbitrary arrest, detention, or exile;
   **Article 10:** fair and public hearing;
   **Article 11:** presumption of innocence and fair process.

2. DART's discretion to its Code of Conduct and fare laws does not create an unrestricted license to enforce those provisions arbitrarily.
3. The Defendants are liable for negligent hiring, training, supervision, and disciplining of Jarret Swan #9117, whose blatant and unlawful conduct demonstrates inadequate training on human rights, the bill of rights, constitutional rights, Texas racial profiling prohibitions, DART's Nondiscrimination policy,

---

Nondiscrimination Policy, DART's current Code of Conduct, US Constitution, Fare Enforcement Division Procedure Manual, or other policies governing the entity's operations. *See Page 27, EXHIBIT K*

DART's Fare Enforcement Procedure Manual, and arbitrary, discriminatory, systemic enforcement while acting under the color of the law.

4. Plaintiff relied upon such misrepresented information, unlawful threats of arrests from Swan, coercion, duress, and intimidation of six DART Officers to his detriment, which is evident by the criminal prosecution from the unlawful issuance of the fare evasion citation.
5. **On or about July 31, 2026:** DART and Nita Malone, Senior Risk Manager perpetuated these unlawful acts and further substantiated these facts alleging Fare Enforcement Officer Swan did not engage in negligence, but did not contend no violations of the law.

## XI. CAUSE OF ACTION FORT FRAUDULENT CONCEALMENT[12]

Plaintiff contends that Defendants concealed, suppressed, failed to disclose, withheld, or misrepresented material facts concerning discoverable and responsive evidence relating to:

- Citation procedures;
- Unlawful and negligent actions of Swan;
- Signature requirements;
- Evidence preservation;
- Records production;
- Court-processing procedures;
- Filing requirements;
- Status of evidence or dash camera footage;
- Status of court records.

Such concealment prevented Plaintiff from fully protecting or exercising inalienable rights secured by the Constitution and interests under the color of law.

## XII. CAUSE OF ACTION FOR PREJUDGEMENT & DECLARATORY JUDGMENT

An actual controversy exists between the parties. Plaintiffs seek declarations that:

a. Defendants' conduct violated constitutional protections;
b. Defendants failed to properly preserve evidence;
c. Defendants interfered with and restricted Plaintiffs' access to public records;
d. Defendants' maliciously interfered judicial access and procedural fairness;
e. Defendants' actions were negligent, egregious, malicious, and unlawful;
f. Defendants' actions violated Human Rights, Texas Tort Claims Act, Civil Rights;

[12] DALLAS AREA RAPID TRANSIT MOBILITY SERVICES, LGC. concealed and spoliated data by revising their policies upon receiving the preservation letter and notice of impending litigation, which is evident by the Fare Enforcement Division Policy. *See* ***Page 31***, *EXHIBIT O*

g. Defendants' actions constitute arbitrary, discriminatory, and systemic bias;
h. Defendants actions constitute infringement and violation of protected rights;
i. Defendants will make assets and monies disappear after service of this suit;
j. Any actions taken through misinformation, coercion, misrepresentation, threats of arrest, intimidation under the color of law, or material omission are invalid and unenforceable.

## XIII. CAUSE OF ACTION FOR ULTRA VIRES RELIEF

Plaintiffs certifies that individual defendants exceeded lawful authority by:

- Misrepresenting legal requirements[13];
- Misrepresenting law requirements;
- Misrepresenting and suppressing responsive evidence and discovery items;
- Failing to perform ministerial and investigative duties;
- Acting outside statutory authority by violating protected rights;
- Obstructing access to equal governmental processes.

Plaintiffs seek prospective relief requiring compliance with governing constitutional, civil, common, statutory, business, government, and commercial law.

## XIV. SUPPRESSION, EXCLUSION, & SPOLIATION OF EVIDENCE

Defendants were placed on notice less than six months after the issuance of the 'fruit of the poisonous tree' citation that data related to the incident contained discoverable evidence relevant to impending litigation. Defendants withheld, suppressed, refused to release, or preserve responsive evidence in its original form. *See* **Page 22**, EXHIBIT F The Defendants' continue to engage in prohibited acts of suppressing, concealing, excluding, and withholding discoverable and responsive evidence which entitles Plaintiff to sufficient sanctions, prejudgment relief, adverse evidentiary presumptions, equitable, and monetary relief.

**Equally, it is believed Dallas Police Officer Association, the Registered Agent of DART Police and Fare Enforcement Departments, voluntarily terminated the organization's existence after the injured party delivered a notice of impending litigation.**

## XV. PUBLIC INFORMATION ACT VIOLATIONS[14]

Plaintiffs contend Defendants waived immunity with malicious violations of duties imposed by Texas Government Code Chapter 552 showing:

A. Defendants intentionally spoliated (muted) body camera footage;

[13] *See* **Page 21 EXHIBITS E**
[14] *See* **Page 29-30**, **EXHIBITS M-N**

B. Defendants withheld or suppressed responsive, discoverable, and relevant evidence;
C. Defendants falsified the Plaintiff's Open Record Account and the open record's request;
D. Defendants impaired Plaintiffs' ability to adequately investigate the negligence and other unlawful acts of Swan #9117, or named and unnamed DART agents;
E. Defendants' retaliated against the complainant[15], misrepresented the law, and mischaracterized the facts of the incidents related to **Fare Enforcement Citation No.: F000XXX713 and Claim No: RXX398** to infringe on the Plaintiff's inalienable and protected rights.
F. **To date, the Defendants have failed and refused to produce incident reports, citation reports, dispatch reports, DART Police reports, Sworn Affidavits, or other data associated with the injured party's claims giving rise to this suit.** *See EXHIBITS B, I, F, and J*

## XVI. DAMAGES

As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages including:

- Economic losses;
- Litigation expenses;
- Administrative expenses;
- Loss of time;
- Loss of business opportunities;
- Reputational damages;
- Special and exemplary damages;
- Constitutional injuries;
- Mental anguish and emotional distress damages where recoverable;
- Costs associated with protecting legal rights.

## XVII. CONCLUSION & PRAYER

The Plaintiff respectfully moves the Court to approve virtual appearances for hearings, rulings, or physical appearance up until the date of jury trial.

The Plaintiff further respectfully move the Court to **Order the Discovery and the Defendant's immediate release** of discoverable, responsive, or unrestricted and accessible evidentiary documents in **PDF ONLY format** for files, and accessible, original, and unrestricted Mp4 video footage should specify the fare evasion citation incident described herein, such as incident reports, investigative reports, internal

[15] The government entities, DART, DART POLICE, DART GENERAL COUNSEL, DART RISK MANAGEMENT DEPARTMENT, retaliated by filing with Dallas County Justice of the Peace 1-1, a Sworn Affidavit from Jarret Swan (Badge #9117) after the notice of impending litigation.

electronic communications between named defendants or DART employees concerning this incident, external electronic communications with the injured party or his Authorized Representative, DART Police dash camera footage, internal dispatch reports, witness and security statements, train footage, transit station platform footage, and other **responsive, discoverable, and relevant evidentiary data pertaining to** the fruit of the poisonous tree.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, requests that the Defendants are served **in person** through a Dallas County Constable or Deputy, cited to appear and answer, and that the Plaintiff be awarded judgement against Defendant for actual damages, special damages, punitive damages, prejudgement interest, post-judgement interest, court costs, and all other monetary or non-monetary relief the Plaintiff is so justly entitled.

Respectfully submitted,

**/s/ Johnny Doe**
*Pro se* Plaintiff
**Phone:** Confidential & Proprietary Data
**Email:** Confidential & Proprietary Information in E-file
**Mailing Address:** 207 Coleman Street, [redacted], Marlin, Texas 76661

## XVIII. UNSWORN DECLARATION

The Plaintiff, hereby certifies under the penalty of perjury, that the foregoing information and facts stated herein are true and correct. Nothing stated herein should be construed as a waiver of rights, privileges, or protections afforded under the Constitution of the United States, Texas Constitution, Texas Rules of Civil Procedure, Texas Rules of Evidence, Texas Business & Commerce Codes, Uniform Commercial Code 1-308, common law, Government Code, statutory law, or under the color of law.

Respectfully submitted,

**/s/ Johnny Doe**
*Pro se Plaintiff*

## XIX. CERTIFICATE OF SERVICE

The Plaintiff hereby certifies under the penalty of service, that the Defendants were served through the appropriate channels required by law, through e-file, the Court, or in person by Dallas County Constable or Deputy.

Respectfully submitted,

/s/ Johnny Doe
*Pro se Plaintiff*

EXHIBIT A

Service enhancements will be available from June 8 to July 19 for the tournaments. For more information visit here.

DART Trip Guide Fares About Careers Help Contact Us Select Language

Home > About > Public Access Information > Legal Notices

# Legal Notices

DART Assistant

## DISCLAIMER

Please read the following legal statement. By using this web site, you are agreeing to the terms below:

(1) The Dallas Area Rapid Transit (DART) does not warrant or make representations or endorsements as to the quality, content, accuracy, or completeness of the information, text, graphics, links, and other items contained on this server or any other server. Such materials have been compiled from a variety of sources, and are subject to change without notice from DART as a result of updates and corrections. To the extent allowed by the Texas law, commercial use of the materials, including graphics and artwork, contained in www.DART.org is prohibited without the written permission of DART. All service marks and trademarks mentioned herein are the property of their respective owners.

(2) Other than INVESTOR INFORMATION, information on our website is not intended to be the basis of, and should not be relied upon in making, an investment in DART obligations. If you are an investor or potential investor in DART obligations, please click on INVESTOR INFORMATION before making an investment decision.

(3) Some of the links on this and subsequent pages may lead to resources outside of www.DART.org. The presence of these links should not be construed as an endorsement by DART of these sites or their content. DART is not responsible for the content of any such external link.

(4) To the extent allowed by Texas law, communications made through E-Mail or other messaging system shall in no way be deemed to constitute legal notice to DART or any of its agencies, officers, employees, agents, or representatives, with respect to any existing or potential claim or cause of action against DART or any of its agencies, officers, employees, agents, or representatives, where notice to DART is required by any state or local laws, rules, or regulations.

(5) This web site, www.DART.org, and all information contained therein (including information on the DART Store), is being provided solely for informational purposes. Furthermore, use of www.DART.org is subject to the following additional terms and conditions:

A. **All Venue in Texas** - Any use of www.DART.org shall be deemed made in the State of Texas, USA, regardless of the location of the user. The user agrees that any dispute with the DART arising out of any use of www.DART.org shall be brought by the user exclusively in the state or federal courts situated in Dallas County, State of Texas. The user hereby agrees that such venue is appropriate.

B. **Governing Law** - Any use of www.DART.org is governed by the laws in force in the State of Texas. The user hereby agrees that applying Texas Law to the use of www.DART.org is appropriate.

Produced and Maintained by the Dallas Area Rapid Transit.
Copyright, 2024 Dallas Area Rapid Transit. All Rights Reserved.

## NONDISCRIMINATION POLICY

Dallas Area Rapid Transit complies with all applicable federal, state, and local statutes, executive orders, law, and regulations that prohibit discrimination, harassment, and retaliation. The following is a general nondiscrimination policy followed by DART.

Nondiscrimination Policy →

Politica de No Discriminacion →

## ENVIRONMENTAL NOTICES

MUNICIPAL SEPARATE STORM SEWER SYSTEM

Information concerning DART's Municipal Separate Storm Sewer System (MS4) status and actions are submitted to the Texas Commission on Environmental Quality (TCEQ) on TCEQ form #20561, before March 31 each year. The following is a concise summary of DART's MS4 2025 annual report.

2025 Annual Municipal Separate Stormwater Report →

DART's Stormwater Management Plan →

## Sign Up for Alerts Just for You!

The best way to [illegible] service alerts and other DART-related news and information is to register for My DART Updates.

Subscribe

## Contact Us Today!

1401 Pacific Avenue, Dallas, TX 75202

214-979-1111

Customer Service information is available 7 days a week : 5 AM to 12 AM

Holidays: 8 AM to 5 PM

Closed on Thanksgiving Day and Christmas Day

Careers Contact Privacy Policy Legal Powered by Google Translate

© 2026 Dallas Area Rapid Transit DARTdaily DART Transform

EXHIBIT B



https://dart.mycusthelp.com/WEBAPP/_rs/(S(0u1wrd3mysjwkej1c5xddba5))/RequestEdit.aspx?sSessionID=[redacted]

UPLOAD DATE

DOWNLOAD ALL

| Files: | | |
|---|---|---|
| | 06/18/2026 | Axon_Body_4_Video_2026-01-03_2036_D01A3858L.mp4 |
| | 06/17/2026 | ADA_Compliance.pdf |
| | 06/17/2026 | CFS_2026_000771.pdf |
| | 06/17/2026 | F000370713.pdf |
| | 06/17/2026 | Fare_Enforcement_Division.pdf |
| | 06/17/2026 | FARE_EVASION_CITATION_WRITING__1_.pptx |
| | 06/17/2026 | Fare_Evasion_Citations_Jan_May_2026.xls |
| | 06/17/2026 | Fare_Evasion_Warnings_Jan_May_2026.xls |
| | 06/17/2026 | Law_Enforcement_Authority.pdf |
| | 06/17/2026 | Standards_of_Conduct.pdf |

Additional Information

**Type of Record(s) Requested:** DART Police

**Describe the Record(s) Requested:** [redacted] Claimant Fare Officer Swan (Badge #9117) RE: Fare Enforcement Citation No. F000[redacted]713 Date of Citation/Incident: January 3, 2026 See attached "Investigative Record & Electronic Data Request (DART)" I. IDENTIFICATION OF ALL PERSONNEL II. OFFICER RESPONSE AND ESCALATION III. LOCATION AND INCIDENT DETAILS IV. BODY-WORN CAMERA AND SERVEILLANCE EVIDENCE V. RETENTION

Powered by GovQA

11:49 AM 7/29/2026



https://dart.mycusthelp.com/WEBAPP/_rs/(S(0u1wrd3mysjwkej1c5xddba5))/RequestEdit.aspx?sSessionID=[redacted]

UPLOAD DATE

DOWNLOAD ALL

| Files: | | |
|---|---|---|
| | 06/18/2026 | Axon_Body_4_Video_2026-01-03_2028_D01A3924P.mp4 |
| | 06/18/2026 | Axon_Body_4_Video_2026-01-03_2036_D01A0121B.mp4 |
| | 06/18/2026 | Axon_Body_4_Video_2026-01-03_2036_D01A3858L.mp4 |
| | 06/17/2026 | ADA_Compliance.pdf |
| | 06/17/2026 | CFS_2026_000771.pdf |
| | 06/17/2026 | F000370713.pdf |
| | 06/17/2026 | Fare_Enforcement_Division.pdf |
| | 06/17/2026 | FARE_EVASION_CITATION_WRITING__1_.pptx |
| | 06/17/2026 | Fare_Evasion_Citations_Jan_May_2026.xls |
| | 06/17/2026 | Fare_Evasion_Warnings_Jan_May_2026.xls |

Additional Information

**Type of Record(s) Requested:** DART Police

**Describe the Record(s) Requested:** Reginald Taylor Claimant Fare Officer Swan (Badge #9117) RE: Fare Enforcement Citation No. F000370713 Date of Citation/Incident: January 3, 2026 See attached "Investigative Record & Electronic Data Request (DART)" I. IDENTIFICATION OF ALL PERSONNEL II. OFFICER RESPONSE AND ESCALATION III. LOCATION AND INCIDENT DETAILS IV. BODY-WORN CAMERA AND SERVEILLANCE EVIDENCE V. RETENTION

Powered by GovQA

11:50 AM 7/29/2026

EXHIBIT C

Texas Secretary of State

UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

**Filing Number:** 801567341
**Original Date of Filing:** March 15, 2012
**Formation Date:** N/A
**Tax ID:** 32047329324
**Duration:** Perpetual
**Entity Type:** Domestic Nonprofit Corporation
**Entity Status:** In existence
**Non-Profit Type:** Local Government Corporation
**FEIN:**

**Name:** Dallas Area Rapid Transit Mobility Service LGC
**Address:** PO BOX 660163
Dallas, TX 75266-0163 USA

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS

| Last Update | Name | Title | Address |
|---|---|---|---|
| March 16, 2012 | John Danish | Director | 1401 Pacific Avenue Dallas, TX 75202 USA |
| March 16, 2012 | William Velasco | Director | 1401 Pacific Avenue Dallas, TX 75202 USA |
| March 16, 2012 | Gary Thomas | Director | 1401 Pacific Avenue Dallas, TX 75202 USA |
| March 16, 2012 | Jesse Oliver | Director | 1401 Pacific Avenue Dallas, TX 75202 USA |
| March 16, 2012 | David Leininger | Director | 1401 Pacific Avenue Dallas, TX 75202 USA |

Order | Return to Search

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

90°F Sunny | Search | 12:49 PM 8/4/2026

Texas Secretary of State

UCC | Business Organizations | Trademarks | Account | Help/Fees | Briefcase | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

**Filing Number:** 801567341
**Original Date of Filing:** March 15, 2012
**Formation Date:** N/A
**Tax ID:** 32047329324
**Duration:** Perpetual
**Entity Type:** Domestic Nonprofit Corporation
**Entity Status:** In existence
**Non-Profit Type:** Local Government Corporation
**FEIN:**

**Name:** Dallas Area Rapid Transit Mobility Service LGC
**Address:** PO BOX 660163
Dallas, TX 75266-0163 USA

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| | 412843790002 | Certificate of Formation | March 15, 2012 | March 15, 2012 | No | 7 |
| | 491114270002 | Restated Certificate of Formation | July 22, 2013 | July 22, 2013 | No | 5 |
| | 880288600002 | Certificate of Amendment | April 2, 2019 | April 2, 2019 | No | 3 |

Order | Return to Search

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

- SOSDirect - Business Filings
- Business Copies and Certificates
- VoteTexas.gov - Voter Information
- Register to Vote & Voter I.D.
- Texas Homeland Security
- Where the Money Goes

90°F Sunny | Search | 12:50 PM 8/4/2026

EXHIBIT D

← Back

Corporations Information
To: me · Tue, Aug 4 at 12:18 PM

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 801567341 | **Entity Type:** | Domestic Nonprofit Corporation |
| **Original Date of Filing:** | March 15, 2012 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | **Non-Profit Type:** | Local Government Corporation |
| **Tax ID:** | 32047329324 | **FEIN:** | |
| **Duration:** | Perpetual | | |

**Name:** Dallas Area Rapid Transit Mobility Service LGC
**Address:** PO BOX 660163
Dallas, TX 75266-0163 USA

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS

| Name | Address | Inactive Date |
|---|---|---|
| Gary C Thomas | 1401 Pacific<br>Dallas, TX 75202 USA | |

EXHIBIT E

# Re: [External] ATTN: FIRST SET OF INTERROGATORIES for Citation No. F000[redacted]713 and Claim No.: R[redacted]398 Inbox

Nita Malone
To: me · Wed, Jul 29 at 4:15 PM

Fatt Chance,

There is no negligence on the DART Fare Officer. Your claim for compensation is denied.

Thanks,
***Nita Malone***
Sr. Claims Adjuster - Litigation

Dallas Area Rapid Transit | P. O. Box 660163| Dallas TX 75266
Office 214-749-3372 | nmalone@dart.org

EXHIBIT F

Remove ✕

Tracking Number:

**95890[redacted]0968847**

Copy   Add to Informed Delivery

**Latest Update**

Your item was delivered to an individual at the address at 1:21 pm on June 26, 2026 in DALLAS, TX 75202.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**

**Delivered, Left with Individual**
DALLAS, TX 75202
June 26, 2026 1:21 PM

**Arrived at USPS Facility**
DALLAS TX DISTRIBUTION CENTER
June 25, 2026 6:10 AM

**Arrived at USPS Facility**
COPPELL TX DISTRIBUTION CENTER
June 24, 2026 8:04 PM

**Departed Post Office**
MARLIN, TX 76661
June 24, 2026 7:41 AM

**USPS in possession of item**
MARLIN, TX 76661
June 23, 2026 10:09 AM

Hide Tracking History

Feedback

EXHIBIT G

AR

Ashley Ramos
To: me, Cc: Nita · Fri, May 29 at 11:03 AM

[redacted]

Please see DART's response to your preservation letter attached hereto. **Please direct all pre-litigation questions, correspondence and demands to Nita Malone in DART's Risk Management Department cc'd on this email.**

Thanks,

**Ashley P. Ramos**
Senior Assistant General Counsel

Office of General Counsel
Dallas Area Rapid Transit |1401 Pacific Avenue | Dallas TX 75202
Office 214-749-3529 | aramos@dart.org

EXHIBIT H

CI

Corporations Information
To: me · Mon, Aug 10 at 1:52 PM

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 801300302 | **Entity Type:** | Domestic Nonprofit Corporation |
| **Original Date of Filing:** | August 2, 2010 | **Entity Status:** | Voluntarily terminated |
| **Formation Date:** | N/A | **Non-Profit Type:** | N/A |
| **Tax ID:** | 32042344815 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| **Name:** | DART Police Officers Association | | |
| **Address:** | 1850 AVONLEA DRIVE<br>ROCKWALL, TX 75087 USA | | |

REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS

| Name | Address | Inactive Date |
|---|---|---|
| Larry Blunt | 1850 Avonlea Drive<br>Rockwall, TX 75087 USA | |

EXHIBIT I

Fare Enforcement Citation #: F000[redacted]713

**DART**
**POLICE DEPARTMENT** Date/Time: 01/03/2026 08:31 PM

**VIOLATOR**

Name: [redacted]
Address: 2015 N. GARRETT Apt. # 205
City: *DALLAS State: TX Zip: 75206
DL #: Class: DL State: TX
DOB: [redacted] CDL: No
Hgt: 604 Wgt: Sex: M
Eyes: BRO Hair: BLK Race: B

**LOCATION INFORMATION**

Common Name: ST. PAUL
Address: 1900 BRYAN ST.
City: DALLAS State: TX Zip: 75201
Sector: S-3
Route: RED LINE
County: DALLAS

**VIOLATIONS**
Citation : TRC 452.0611 *LRV - Fare Evasion

Issued By: Fare Officer Swan, Badge # 9117

**NOTICE TO APPEAR**
On or before 04/03/2026 at 10:00 AM
Without admitting guilt, I promise to appear as directed above.
My rights have been explained as stated below.

Signature

This is not a plea of guilty. Not void if unsigned.

1.1 Justice of the Peace
8301 S. Polk St., Ste 2100, Dallas, TX, 75232
972-739-1588

Appear by Date:
04/03/2026

Fare Enforcement Citation #: F000370713

v12-13-22a

**Officer Notes:**
VIOLATOR SAID HE DIDN'T GET A TICKET BECAUSE HE GOT DROPPED OFF AT THE STATION AND TH
CALLED OFFICERS WHEN HE REFUSED TO GIVE HIS INFORMATION.

Case No.: Violator Attitude: COMPLAINING
Fare Type: No Fare Travel Type: LRT
Unit: FOOT Vehicle #: 06S

Picture:



EXHIBIT J

DC

**DART Open Records Center**
To: me · Thu, Jun 18 at 1:23 PM

We have processed your request for information in accordance with the terms of Chapter 552 of the Government Code, the Public Information Act. The responsive documents are available for your review by clicking the link below.

The link will take you to the DART website where the portal to access your documents is located. The website will be titled, "Public Records Center." Once you log in, you will be able to review all of the requests you have filed using your email address (if you do not see the request you are searching for, please make sure that you are using the same email address that you filed the request under). Completed requests will be indicated by three green check marks. Beneath the check marks will be a link granting you access to your documents.

https://dart.mycusthelp.com/WEBAPP/_rs/RequestEdit.aspx?rid=12819&coid=

Should you have any questions, please feel free to contact me by email at cco@dart.org.

Sincerely,

Christie Carlson
Senior Assistant General Counsel
Dallas Area Rapid Transit

---

To monitor the progress or update this request please log into the Open Records Center.

EXHIBIT K[16]



Trip Guide Fares About Careers Help Contact Us Select Language

16. Crossing DART Light Rail tracks at a location other than at a traffic or pedestrian controlled intersection or at a designated pedestrian crossing;

17. Interfering with the operation of a DART vehicle.

b. A person who violates one or more of these regulations may be warned and/or ordered to leave the DART vehicle, DART facility, or DART property immediately by a DART Police Officer, a DART Fare Enforcement Officer, or a DART Bus/LRV Line Supervisor. Situations where a person refuses to leave a DART vehicle, DART facility or DART property after being ordered to do so may be handled by DART Police or other appropriate law enforcement agencies. In the case of a violation of Section 2.02 (a)(13), riding a DART vehicle without evidence that the proper fare has been paid, such situations may be handled in accordance with Texas Transportation Code, Section 452.0611.

c. This section does not seek to limit or conflict with any federal, state, or local law or ordinance; or to prevent any law enforcement agency or entity from taking any lawful action against any person on a DART vehicle, DART facility, or DART property.

DART Assistant

60°F Mostly cloudy Search 9:05 AM 8/15/2026

[16] DART's current Code of Conduct, Section 2.02(b) of Prohibited Conduct and Enforcement, provides an option for violators of DART regulation to be issued a warning and/or ordered to leave the DART vehicle, DART facility, or DART property in question.

EXHIBIT L

DC

**DART Open Records Center**
To: me · Wed, Jun 3 at 2:38 PM

Dear ,

Thank you for registering with the Records Center. Please log in to the Records Center to update any contact or password information and to track the progress of your request. Please note that DART is allowed ten (10) business days, excluding weekends and holidays, to respond to your request.

**Login:** [redacted]private@yahoo.com

If you have never used this system or cannot remember your password you may request a temporary password here: Request Temporary Password

This is an auto-generated email and has originated from an unmonitored email account.
Please DO NOT REPLY.

EXHIBIT M

DC DART Open Records Center
To: me · Wed, Jun 3 at 2:38 PM

***PLEASE NOTE THAT THIS MESSAGE IS GENERATED FROM AN AUTOMATED ACCOUNT THAT IS NOT MONITORED. DO NOT REPLY TO THIS MESSAGE. TO CONTACT DART ABOUT YOUR REQUEST, PLEASE FOLLOW THE DIRECTIONS BELOW.***

Dear :

Thank you for your interest in the public records of the Dallas Area Rapid Transit system. Your request has been received and is being processed in accordance with Chapter 552 of Texas Government Code, the Public Information Act. Your request was received in this office on 6/3/2026 and given the reference number W012819-[redacted]326 for tracking purposes.

Records Requested: Reginald Taylor Claimant
Fare Officer Swan (Badge #9117)

RE: Fare Enforcement Citation No. F000[redacted]713
Date of Citation/Incident: January 3, 2026

DC DART Open Records Center
To: me · Wed, Jun 3 at 2:38 PM

Date of Citation/Incident: January 3, 2026

See attached "Investigative Record & Electronic Data Request (DART)"

I. IDENTIFICATION OF ALL PERSONNEL
II. OFFICER RESPONSE AND ESCALATION
III. LOCATION AND INCIDENT DETAILS
IV. BODY-WORN CAMERA AND SERVEILLANCE EVIDENCE
V. RETENTION POLICIES
VI. LEGAL AUTHORITY FOR THE CITATION
VII. ALTERNATIVES TO CITATION ISSUANCE
VIII. TRAINING AND SUPERVISION
IX. DIABILITY ACCOMMODATION
X. EXERCISE OF CONSTITUTIONAL, HUMAN CIVIL, AND CONSUMER RIGHTS
XI. OFFICER HISTORY, COMPLAINTS, DISCIPLINE, AND SUPERVISION
XII. FARE ENFORCEMENT STATISTICS AND DISPARATE IMPACT DATA
XIII. OFFICER PARTNERING, SUPERVISION, AND ACCOUNTABILITY POLICIES
XIV. DISABILITY ACCOMMODATION AND SPECIAL CONSIDERATIONS

DC DART Open Records Center
To: me · Wed, Jun 3 at 2:38 PM

XII. FARE ENFORCEMENT STATISTICS AND DISPARATE IMPACT DATA
XIII. OFFICER PARTNERING, SUPERVISION, AND ACCOUNTABILITY POLICIES
XIV. DISABILITY ACCOMMODATION AND SPECIAL CONSIDERATIONS

Your request will be forwarded to the relevant department(s) to locate the information you seek and to determine the volume and any costs associated with satisfying your request. Generally, we endeavor to provide the requested information/documents within ten (10) business days, however, there are times in which more time is needed to locate the relevant information. You will be contacted about the availability and/or provided with copies of the records in question.

PLEASE NOTE: The Texas Public Information Act does not require a governmental body to create new information, to do legal research, or to answer questions.

You can monitor the progress of your request at the link below and you'll receive an email when your request has been completed. Again, thank you for using the Open Records Center.

Dallas Area Rapid Transit

EXHIBIT N

Additional Information

**Type of Record(s) Requested:** DART Police

**Describe the Record(s) Requested:** [redacted] Claimant Fare Officer Swan (Badge #9117) RE: Fare Enforcement Citation No. F000[redacted]713 Date of Citation/Incident: January 3, 2026 See attached "Investigative Record & Electronic Data Request (DART)" I. IDENTIFICATION OF ALL PERSONNEL II. OFFICER RESPONSE AND ESCALATION III. LOCATION AND INCIDENT DETAILS IV. BODY-WORN CAMERA AND SERVEILLANCE EVIDENCE V. RETENTION POLICIES VI. LEGAL AUTHORITY FOR THE CITATION VII. ALTERNATIVES TO CITATION ISSUANCE VIII. TRAINING AND SUPERVISION IX. DIABILITY ACCOMMODATION X. EXERCISE OF CONSTITUTIONAL, HUMAN CIVIL, AND CONSUMER RIGHTS XI. OFFICER HISTORY, COMPLAINTS, DISCIPLINE, AND SUPERVISION XII. FARE ENFORCEMENT STATISTICS AND DISPARATE IMPACT DATA XIII. OFFICER PARTNERING, SUPERVISION, AND ACCOUNTABILITY POLICIES XIV. DISABILITY ACCOMMODATION AND SPECIAL CONSIDERATIONS

**Are you requesting body worn camera footage?:** No

**PLEASE NOTE:**
Under the Public Information Act some categories of information do not have to be released. Exceptions to disclosure fall into two general categories: 1) mandatory exceptions that make information confidential and require a governmental body to withhold information and 2) discretionary exceptions that allow but do not require a governmental body to withhold information. You may find information about mandatory and discretionary exceptions at the **Office of the Attorney General's website.**
In most instances a governmental body is required to request a decision from the Attorney General in order to withhold information from a requestor. However a requestor may permit a governmental body to redact information without requesting an Attorney General decision. You are not required to agree to the redaction of any information responsive to your request but doing so may streamline the handling of your request. If you agree to redactions in this request then you may request the redacted information in a future information request.

Powered by GovQA

**Are you requesting body worn camera footage?:** No

**PLEASE NOTE:**
Under the Public Information Act some categories of information do not have to be released. Exceptions to disclosure fall into two general categories: 1) mandatory exceptions that make information confidential and require a governmental body to withhold information and 2) discretionary exceptions that allow but do not require a governmental body to withhold information. You may find information about mandatory and discretionary exceptions at the **Office of the Attorney General's website.**
In most instances a governmental body is required to request a decision from the Attorney General in order to withhold information from a requestor. However a requestor may permit a governmental body to redact information without requesting an Attorney General decision. You are not required to agree to the redaction of any information responsive to your request but doing so may streamline the handling of your request. If you agree to redactions in this request then you may request the redacted information in a future information request.

**Do you agree to the redaction of information that is subject to discretionary exceptions provided such redactions are clearly labeled on the information you received:** No

**Do you agree to the redaction of information that is subject to mandatory exceptions provided such redactions are clearly labeled on the information you received:** No

**Preferred Method to Receive Records:** Electronic via Records Center

New Message | ✖ Cancel

Powered by GovQA

EXHIBIT O

### 400.4.3 ENFORCEMENT OF PASSENGERS WITH DISABILITIES

A. Passengers with disabilities who are in violation of DART's fare policy, are to be given due consideration. They must not be inconvenienced or subjected to an embarrassing encounter.

B. If a passenger is found to be in violation of DART's fare policy, and the Fare Enforcement Officer determines that difficultly with operating the TVM (e.g. visual or cognitive disability) may play a part in the violation, the Fare Enforcement Officer should not issue a Written Citation, but rather assist the passenger in purchasing a ticket. This can be accomplished at the completion of a trip, if feasible to do so.

Copyright Lexipol, LLC 2026/05/27, All Rights Reserved.
Published with permission by Dallas Area Rapid Transit Police Department

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 118700890
Filing Code Description: Ody - Original Petition (OCA - New Case Filed)
Filing Description:
Status as of 8/17/2026 4:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Fatt Chance Enterprises, LLC | | fceprivate@yahoo.com | 8/17/2026 11:01:18 AM | SENT |